No. 592

First Circuit

———

## LUSCO ET AL. v. CORKERN ET AL.

———

(March 5, 1930. Opinion and Decree.)

———

Brock & Carter, of Franklinton, attorneys for plaintiffs, appellees.

Ott & Rich, of Bogalusa, attorneys for defendants, appellants.

MOUTON, J. Plaintiff brought this suit against S. E. Corkern and N. S. Crow for $50 balance of rent on a store building leased to defendants; also for $170 for estimated cost for replacement of a partition, shelvings, transom, etc., in the condition they were at the time the contract of lease was entered into.

The demand against Crow has been abandoned by plaintiff, leaving Corkern as the only defendant.

The lease was verbal, and had no fixed period of duration. The rent per month was $50, payable on the 18th of each month, and in advance for the ensuing month. It was further agreed that it was at the option of either party to terminate the lease, provided he gave to the other thirty days' notice prior to its termination. It is not disputed that defendant made his last payment of rent on November 18th, which was to cover the month beginning on the 19th of November, and ending December 18, 1928, when on that date, defendant removed from the premises. Plaintiff is claiming $50 for the rent from December 18, 1928, to January 18, 1929, con-

tending that this rental is due her because of defendant's failure to give her thirty days' notice prior to his removal on the 18th of December, 1928.

The property was leased to defendant by Frank Lusco, plaintiff's husband, who had full authority to enter into the contract. Lusco testifies that, about fifteen days before defendant moved from the store, he was told by some one that he intended to move, but he is positive that defendant never gave him such notice at any time. Mrs. Lusco testifies that defendant came to her at her home, where he gave his last check for the rent on November 18th or 19th, and that he did not make any mention whatsoever of his intention to vacate. In the course of her testimony, she said defendant told her he was going to a larger place which he needed in his business, but said he would pay her for another month. This occurred, she testifies, before the 18th of December, about the 10th of that month. As he moved on the 18th of December, it is evident, even if such could be construed as a notice, that it was not communicated to plaintiff thirty days prior to defendant's removal from the premises. Besides, Mrs. Lusco says that, when he spoke of getting a larger place, defendant said he would pay rent for another month, which would have been in keeping with his obligations under the lease.

Wallace Smith testifies that, after defendant had moved, he called on Frank Lusco to rent the store; that Lusco told him defendant had paid his rent to the 18th, and was to give him thirty days' notice. He says he then saw defendant, who told him he might promise to let him have the place if he promised not to run a cash and carry store, as he intended to keep it locked up for another month because he did not want such a store there in the next month, and, that he said he was to give Lusco thirty days' notice.

This statement from both Lusco and defendant to Smith confirms the evidence of plaintiff and her husband that they had not received the notice as had been stipulated in the agreement. It is also in keeping with Mrs. Lusco's evidence, wherein she says that defendant said he intended moving to larger quarters, but would pay her for another month.

The version given by defendant of the transaction on the issue of notification is directly in conflict with that of plaintiff. His statement is that, when he paid Lusco his rent on November 19th, in advance for the ensuing month ending December 18th, at the same time he told Lusco he would not want the building any more after the expiration of that month. He says Lusco replied he did not care a particle, as there were many others who wanted the store.

Creton Corkern, brother of defendant, says he was present when defendant paid the rent, and, as he gave plaintiff the check, said he did not want the building any longer. Defendant's wife testifies to the same effect.

Two or three other witnesses say that Lusco had told them he had been notified by defendant of his intention to move on the 18th.

It is shown by the evidence that there were several applicants for that store. The fact is that defendant says in his testimony that, when he made the last payment for the rent, and told Lusco he was moving, the latter replied he did not care, as many others wanted to rent the store. It is therefore evident that Lusco could have immediately rented the building, but the proof is that, after defendant had removed, a new tenant took possession of the store on the 20th of January.

This fact indicates very strongly that plaintiff had not been notified as agreed, and that she expected her rental from defendant up to January 18, 1929.

Be that as it may, there is certainly a sharp conflict in the testimony of the witnesses for plaintiff and defendant in reference as to whether or not plaintiff was notified of the termination of the lease. It is true that, in point of number of witnesses, defendant has the advantage, but this does not constitute a criterion for the determination of the weight and probative value of evidence. The controlling factor in such cases depends frequently on the character of the witnesses, and in the manner in which they testify. The credence to be given their testimony rightfully falls within the province of the trial judge. His findings in such instances will not be disturbed by the appellate court, unless for manifest error apparent from the facts or circumstances of the case.

There are none of that character herein to warrant an interference on our part.

The next contention is as to whether defendant was to replace the partition, shelving, etc., at his expense when his lease expired.

Plaintiff claims that defendant was to make a complete restoration. The claim of defendant, on the other hand, is that he was to use the materials in the partition to build a shed room back of the store, and, in case additional lumber was needed, he was to furnish that at his expense, but that, at the termination of the lease, the shed room or little warehouse was to remain the property of the plaintiff.

The testimony on this point is equally conflicting. It is shown that the lumber taken out of the partition had to be cut or sawed up for the construction of the warehouse, in which lumber No. 3 and of a very inferior quality was added at the expense of defendant in erecting it. There is nothing to indicate that the partition was not in good condition when defendant took possession, and that it was not a valuable, necessary, and permanent attachment to the store. It is not reasonable to believe that plaintiff would have permitted the demolition of this partition without requiring its restoration at the expiration of the contract, and to accept the shed room in lieu of it, of which defendant would have the use during the time he might keep the premises.

An estimate of $170 was made by a carpenter as being the amount required for the replacement of the partition, and to restore the building in the condition in which it was at the time of the lease.

The court allowed $100 for this item, which we find to be a fair allowance under the evidence.

The judgment is therefore affirmed.

LECHE, J., not participating.